EDWARD ADAMS *versus* THE WARREN INSURANCE
COMPANY.

Where a vessel was chartered from New York to the St. John's river in Florida,
there to take on board and transport to Charlestown a cargo of timber for a certain
sum per cubic foot, and the cargo was ready to be put on board upon her arrival in
the St. John's, but the vessel was lost on her voyage thither, it was *held*, that the
owners of the vessel were entitled to recover, under a policy on her *freight* for such
voyage, the amount which would have become due to them for the transportation
of the cargo ; and that it was immaterial, that this was not a stipulated sum cer-
tain in the charter-party, as it might be ascertained from the capacity of the vessel
and the rate per cubic foot.

A general policy on freight, will only cover freight to be earned by carrying goods
under deck.

Wherefore, a stipulation in a charter-party, that the vessel shall carry timber both on
and under deck, need not be disclosed to the underwriters of a general policy on
her freight, unless a special inquiry is made by them.

THIS was an action on a policy of insurance, dated the 18th
of June, 1835, whereby the defendants caused the plaintiff to
be insured the sum of $ 1000, payable to the plaintiff, on the
*freight* of the brig Andes, at and from New York to St. Johns,
East Florida, and thence to Charlestown, Massachusetts, for
the use of the owners of the vessel.

Upon a case stated, it appeared that the whole tonnage of
the vessel was, on the 4th of June, 1835, chartered by the
owners to Palmer & Ferris ; that it was stipulated in the char-
ter-party, that the vessel, which was stated to be of the burden
of 175 tons, or thereabouts, should be navigated at the expense
of the owners, and should proceed. without delay from New
York to the St. John's river in East Florida, and there take
on board, both on and under deck, a cargo of live-oak timber,
to be transported to the navy-yard at Charlestown, and that
Palmer & Ferris should furnish a cargo of live-oak timber, and
pay for the charter or freight of the vessel twenty-five cents
per cubic foot, freight measurement, when the vessel should
have discharged her cargo at the navy-yard in Charlestown.

It further appeared, that the existence of this charter-party
was not disclosed or known to the defendants, until after the
vessel was lost, but that they made no inquiry on the subject
when the policy was effected ; that the vessel sailed from New

York on the 7th of June, 1835, in ballast, for the purpose of fulfilling the charter-party, and had not since been heard of; and that Palmer & Ferris had the cargo ready to be put on board the vessel upon her arrival in the St. John's river, conformably to the provisions of the charter-party.

The defendants contended, that they were not responsible at all for the alleged loss of freight under this policy ; but that if they were liable for the freight which might have been earned by carrying a cargo of timber under deck, they could not be charged for the loss of freight on that portion of the timber which would have been carried on deck.

If the Court should be of opinion, that the defendants were liable under this policy for the loss of freight, the damages were to be assessed by Willard Phillips, Esq. ; but if the Court should be of opinion, that they were not liable for such freight, or any part thereof, then the plaintiff was to become nonsuit.

*March 14th.*    *W. D. Sohier*, for the plaintiff, cited *Thompson* v. *Taylor*, 6 T. R. 478 ; *Davidson* v. *Willasey*, 1 Maule & Selw. 313; *Davy* v. *Hallett*, 3 Caines's R. 19 ; *Flint* v. *Flemyng*, 1 Barn. & Adolph. 45 ; *Clark* v. *Ocean Ins. Co.* 16 Pick. 289 ; *Livingston* v. *Columbian Ins. Co.* 3 Johns. R. 49 ; *Horncastle* v. *Suart*, 7 East, 400.

*Parsons* and *Stearns*, for the defendants, cited *Tonge* v. *Watts*, 2 Strange, 1251 ; *Livingston* v. *Columbian Ins. Co* 3 Johns. R. 49.

*June 17th.*    SHAW C. J. delivered the opinion of the Court. It appears, that the assured had a contract of charter-party to carry a cargo of live-oak from St. John's river, East Florida, to Charlestown, Massachusetts ; that a cargo was there ready to be taken on board, on the arrival of the vessel; and that the vessel sailed from New York in the execution of that contract, and was lost on the voyage. The assured had thus an inchoate right to freight, which was an insurable interest ; it was lost by a peril insured against, and therefore the plaintiff has a right to recover. And although there was not a stipulated sum certain, to be paid for freight, yet taking the capacity of the vessel and the rate per cubic foot, the elements of a computation are given, by which the amount and value of the freight, under the contract, can be ascertained. *Thompson* v. *Taylor*, 6 T. R.

478 ; *Flint* v. *Flemyng*, 1 Barn. & Adolph. 45 ; *Clark* v. *Ocean Ins. Co.* 16 Pick. 289.

By a construction of the contract of insurance, now well understood, property carried on deck is not covered by a policy on goods, unless specially designated as carried on deck. The Court are of opinion, that the same rule applies to a policy on freight, and that a general policy on freight, will only cover freight to be earned by carrying goods under deck. But this construction must be presumed to be understood alike by both parties. The stipulation therefore in the charter-party, to carry timber on deck, need not be disclosed to the underwriter, without special inquiry, because it was not within the terms of his contract, and did not affect his liability. The policy must be considered as attaching to the freight, which would have been payable in respect to that portion of the timber, which the vessel could have carried under deck.

The question then is, for what amount the plaintiff is entitled to recover. This is not a valued policy, and the plaintiff must recover according to his real interest, to be proved. If the whole freight of the timber under deck, would have been $1000 or under, the plaintiff will recover his whole loss, that is, the whole sum thus computed. If the freight of the timber under deck would have exceeded $1000, then the plaintiff was insured in part only, by this policy, and must be considered as standing his own insurer for the residue, if not insured elsewhere. There being then a total loss, the defendants will be liable for $1000 and interest. In the latter case, had there been a partial loss, the defendants would be responsible for the same proportion of that loss, as $1000 would bear to the whole freight, payable in respect to the timber carried under deck.

According to the agreement of the parties, the case is to be referred to the auditor designated by them, to ascertain the amount of freight, payable by the agreement, for the timber carried under deck, at the rate therein stipulated, and to compute the loss accordingly.